## John M. Dodd *vs.* Abraham Flavell and others.

1. Where the complainant's right is clear, and the infraction of that right established, he will not be required to give security for such damages as the defendant may sustain by reason of the injunction.

2. Where the injunction deprives the defendant of the enjoyment of the property in dispute, and must prove greatly prejudicial to his interests, if his claim should be established, the complainant must prosecute the case with diligence. If laches or want of diligence on his part be shown, the injunction will be dissolved, or security required.

The complainant filed his bill in this cause, for an injunction to restrain the defendant from unlawfully flooding his land. The injunction issued pursuant to the prayer thereof. The defendant now asks that the complainant may be required to give security for such damages as he may sustain by reason of the injunction.

*Mr. J. W. Taylor,* for defendant, A. Flavell, in support of the motion.

*Mr. A. S. Hubbell,* for complainant, opposed the application on the following grounds:

1. It does not appear by the papers in this cause, nor by the affidavit to be used on this motion, that the complainant has, in any particular, infringed upon the rights of the defendants.

2. The bill of complaint alleges injury by the defendant, by unlawfully flowing complainant's land. The flowing is not denied. The right to flow is not established by defendant. The assertion of a right, if made at all by defendant's answer, is vague and indefinite. The injunction only prohibits the injury to complainant, and, therefore, he is not responsible to the defendant for the consequences affecting his (defendant's) property, by his being restrained from committing an injury to the property of complainant.

3. The defendant is restrained from violating his covenant with complainant, by which he agreed and covenanted not to flow the land of complainant. With what propriety can the defendant ask the complainant to give him security for damages which he may suffer by his performing his own covenant?

4. The affidavit is indefinite and vague; it does not allege that defendant's mill is unprofitable, because he was restrained from flowing complainant's land, and from doing what he had, or claimed to have, a lawful right to do.

THE CHANCELLOR. The propriety of requiring security from the complainant for such damages as the defendant

might sustain by reason of the injunction in this cause, was considered at the time of allowing the injunction. It did not appear to me then, to be a case in which security should be required.

Upon the case made by the bill, the right of the complainant is clear, and the infraction of that right established. Under such circumstances, the fact that the injunction occasions a serious loss to the defendant, affords no just ground of complaint. He is deprived of the enjoyment of that which rightfully belongs to another.

The case, as made by the bill, is not essentially altered by the answer or proof of the defendant. Inasmuch, however, as the injunction deprives the defendant of the enjoyment of the property, and must necessarily prove greatly prejudicial to his interests if his claim should be established, it is incumbent upon the plaintiff to prosecute the case with· diligence.

If he fail to do so, and to bring the cause to hearing at the earliest opportunity, I will entertain a motion to dissolve the injunction. If any laches or want of diligence on the part of the complainant be shown, the injunction will be dissolved, or the complainant required to give the security demanded.

The motion must be denied without costs.